## James Todd, Defendant in Error, v. S. Harnstrom, Plaintiff in Error.

### Gen. No. 19,632.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. THOMAS F. SCULLY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed February 4, 1915.

### Statement of the Case.

Action by James Todd against S. Harnstrom to recover for a balance alleged to be due on account of extra mason work, excavating and material furnished upon a building. From a judgment for $384.70 against defendant in favor of plaintiff, defendant brings error.

Plaintiff's statement of claim set out in detail the extra mason work, excavating and material furnished for and at the request of the defendant, for the building being constructed. It further stated that the value of the said extra mason work, excavating and material was figured on the basis of prices agreed upon in the original contract, save as to a special agreement in regard to certain brick, with reference to which plaintiff claims that in order to secure an early completion of the building it was necessary to pay for 222,000 brick $7 per thousand instead of $6, and that defendant agreed with plaintiff to pay one-half of said advance. It set forth in detail the credits by cash payments, and also the credits by reason of allowances to the plaintiff in the use of a cheaper grade of brick for face and mantel work than had been provided for in the contract, the change in the character of the brick being made under an agreement between the plaintiff and the defendant; that after allowing all credits there was due plaintiff from defendant, because of the extra mason work, excavating and material, the sum of $408.70. Plaintiff further set forth in his statement of

claim that he had offered to submit his claim to one L. Ostling, mutually selected as arbitrator, but that the said Ostling neglected and refused to comply with the request of the plaintiff for arbitration of the amount due plaintiff for said extra work and material.

To this statement of claim, defendant filed an affidavit of merits wherein he set forth that the contract provided the manner in which alterations, additions or extra work should be appraised; that following the manner so provided, the valuation placed on said extra work was $350; "that *an accounting was had between the plaintiff and defendant herein on or about October 31, 1910; that the value of all alterations, additions and extras was fixed and agreed upon at the sum of $350; that on said date all payments and all items and matters in dispute between the parties hereto and all allowances were checked over and agreed upon, and that on said date it was found and agreed that the sum of $250.50 was the sum then due and owing to plaintiff which said sum was on said date paid to said plaintiff.*" The affidavit of merits then concluded with the statement that defendant had paid all claims under the said contract and for extras mentioned, and that there was nothing due plaintiff.

Upon the issues presented by the affidavit of merits, defendant testified that he had informed plaintiff that the value of the extra work and material furnished was $350. There was, however, no explanation as to how this figure was arrived at. Defendant further testified that the credits to be allowed by reason of the different quality of mantel and face brick used should have been $337.50 (which was $31.50 more than plaintiff had allowed on that item); that in addition to this, he mentioned to plaintiff three items aggregating $60.50, for certain work done by him (defendant) which should have been performed by the plaintiff under the original contract; and an additional allowance on brick, of $19.50, claimed by him; that plaintiff had

acquiesced in such credits and that an accounting on this basis showed there was due from defendant to the plaintiff the sum of $250.50; that this accounting was had on October 31st, and that he then handed plaintiff a check for that sum; and further, that in the presence of the plaintiff on that day he made the following memorandum on the back of the original contract (defendant's exhibit 5): "Ck. Oct. 31st, 1910 in full and extras, $250.50." Defendant also offered in evidence certain documents which contained figures which he claimed to be evidence of the accounting arrived at between the plaintiff and the defendant.

Plaintiff denied categorically the testimony of the defendant with reference to having entered into any agreement whereby all payments, items and matters in dispute were checked over and agreed on, and that there was found due and owing plaintiff the sum of $250.50. He, moreover, denied that there ever was brought to his attention any memorandum to the extent of $60.50 as testified to by the defendant, or that he allowed a credit to defendant for that sum. He, moreover, denied that the difference in favor of the defendant by reason of the change in the quality of face and mantel brick was $337.50, or that there was a further allowance on brick of $19.50; he furthermore denied that defendant in his presence called his attention to the fact that he (defendant) had made a memorandum that that check for $250.50 was a settlement in full. The exhibits with reference to these items of $60.50, $19.50 and $337.50 were all in the handwriting of defendant or his representative, and nowhere did any of these exhibits bear any writing or memorandum made by the plaintiff or his representative, save exhibit 5, which was the contract itself.

JAMES G. SKINNER and JOEL C. CARLSON, for plaintiff in error.

MEEK & McDONALD, for defendant in error.

MR. JUSTICE PAM delivered the opinion of the court.

## Abstract of the Decision.

1. ACCOUNT STATED, § 23*—*burden of affirmative defense.* In an action for work done and material furnished on a building, where the defendant set up in his affidavit of merits that the parties arrived at an agreement of all items and matters in dispute and that said agreement constituted an account stated and that the amount arrived at in a certain sum having been paid, the agreement constituting the account stated having been fulfilled, and that there was nothing further due plaintiff from defendant, the affidavit of merits not denying that the extra work and material had been furnished nor the value thereof, *held* that the defense relied upon constituted an affirmative one of an account stated upon which defendant had the burden of proof.

2. ASSUMPSIT, ACTION OF, § 89*—*sufficiency of evidence to support recovery.* Where there was no denial of plaintiff's itemized statement of claim either in the affidavit of merits or opening statement for the defendant, and there was an express admission that there was extra labor performed and extra material furnished, and plaintiff offered testimony tending to prove his claim as set out in a statement of claim, the only question in the case being whether there had been an accounting agreed on which constituted an account stated, evidence *held* to fully warrant the trial court's finding for plaintiff.

3. ACCORD AND SATISFACTION, § 8*—*insufficiency of evidence to establish.* In an action for work done and material furnished upon a building, evidence *held* to fail to overcome a finding for plaintiff as against a defense of an account stated and settlement.

## Mary Anne Lichtenhan, Appellee, v. Prudential Insurance Company of America, Appellant.

### Gen. No. 19,773.

1. INSURANCE, § 191*—*duty of insured to surrender policy for paid-up endowment or cash value.* Where an insurance policy provides that if it shall lapse or become forfeited it *may be surrendered* for a nonparticipating paid-up endowment or for a cash surrender value as indicated in a table, the language creates an

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.